UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOSEPH CHARLES GIBBENS     CIVIL ACTION

VERSUS     NO. 13-4846-DEK

WARDEN GREG LONGINO, ET AL.

### ORDER AND REASONS

The plaintiff, Joseph Charles Gibbens, a state prisoner, filed this civil action pursuant to 42 U.S.C. § 1983. He named as defendants Warden Greg Longino and St. Tammany Parish Sheriff Rodney Jack Strain. In his complaint, the plaintiff claimed asserted the following claims: (1) Longino did not allow inmates access to a law library; (2) Strain did not offer "good time," educational, or vocational programs to inmates, (3) Longino and Strain did not allow inmates to go on "yard call" for recreational purposes; and (4) Longino did not provide inmates with clean showers.

On July 30, 2013, the undersigned recommended that the complaint be dismissed.[1] The plaintiff objected.[2] On August 27, 2013, the United States District Judge dismissed all of plaintiff's claims except for the claim concerning "yard" call; that claim was then remanded to the undersigned

---

[1] Rec. Doc. 7.

[2] Rec. Doc. 8.

for further consideration.[3] The parties thereafter consented to the jurisdiction of this United States Magistrate Judge.[4]

The defendants have now filed a motion for summary judgment with respect to the remaining claim.[5] The plaintiff opposes that motion.[6]

In reviewing a motion for summary judgment, the Court may grant the motion when no genuine issue of material fact exists and the mover is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). There is no "genuine issue" when the record taken as a whole could not lead a rational trier of fact to find for the nonmovant. Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

"Procedurally, the party moving for summary judgment bears the initial burden of informing the district court of the basis for its motion, and identifying those portions of the record which it

---

[3] Rec. Doc. 9. In the Report and Recommendation, the undersigned noted that the "yard" call claim was the only claim which was even arguably nonfrivolous. It was explained that the absence of outside recreation is not, in and of itself, an atypical, significant deprivation in a prison setting and, therefore, generally does not rise to the level of a constitutional violation. However, the undersigned was troubled by the plaintiff's allegation that prisoners at the St. Tammany Parish Prison are not able to exercise even while indoors. Nevertheless, the undersigned noted that the only form of relief requested by the plaintiff in this lawsuit was a transfer to a different facility. Rec. Doc. 1, p. 5. Because this Court had no authority to grant that form of relief, and because no other form of relief was requested, the undersigned recommended that the claim be dismissed on that basis. However, in his objections, the plaintiff stated that he also wished to be awarded $10,000 in damages. The District Judge considered that request to be an amendment to the complaint and therefore remanded the claim for further consideration.

[4] Rec. Doc. 20.

[5] Rec. Doc. 27.

[6] Rec. Doc. 30.

believes demonstrate the absence of a genuine issue of material fact." Taita Chemical Co., Ltd. v. Westlake Styrene Corp., 246 F.3d 377, 385 (5th Cir. 2001) (quotation marks and brackets omitted). The party opposing summary judgment must then "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986) (quoting Fed.R.Civ.P. 56); see also Provident Life and Accident Ins. Co. v. Goel, 274 F.3d 984, 991 (5th Cir. 2001). The Court has no duty to search the record for evidence to support a party's opposition to summary judgment; rather, "[t]he party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which the evidence supports his or her claim." Ragas v. Tennessee Gas Pipeline Co., 136 F.3d 455, 458 (5th Cir. 1998). Conclusory statements, speculation, and unsubstantiated assertions are not competent summary judgment evidence and will not suffice to defeat a properly supported motion for summary judgment. Id.; Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415, 1429 (5th Cir. 1996).

In their motion, the defendants argue that the remaining claim must be dismissed because the plaintiff failed to exhaust his administrative remedies prior to filing suit. For the following reasons, the defendants are correct.[7]

The Prison Litigation Reform Act of 1995 ("PLRA"), as amended, provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other

---

[7] Because the defendants are entitled to judgment as a matter of law based on the plaintiff's failure to exhaust his administrative remedies, this Court need not, and does not, address their alternative arguments.

Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

Federal courts have taken a strict approach to the exhaustion requirement. For example, the United States Supreme Court held that the exhaustion requirement is "mandatory," Porter v. Nussle, 534 U.S. 516, 524 (2002), and "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong," id. at 532. The Supreme Court further held that "an inmate must exhaust irrespective of the forms of relief sought and offered through administrative avenues." Booth v. Churner, 532 U.S. 731, 741 n.6 (2001). The United States Fifth Circuit Court of Appeals therefore concluded that "[q]uibbles about the nature of a prisoner's complaint, the type of remedy sought, and the sufficiency or breadth of prison grievance procedures were laid to rest in Booth." Wright v. Hollingsworth, 260 F.3d 357, 358 (5th Cir. 2001).

The Fifth Circuit also recently emphatically held that the mandatory exhaustion requirement cannot be excused by a federal court. The Fifth Circuit stated:

> [T]here can be no doubt that pre-filing exhaustion of prison grievance processes is mandatory. We thus hold that Underwood [v. Wilson, 151 F.3d 292 (5th Cir. 1998),] has been tacitly overruled and is no longer good law to the extent it permits prisoner lawsuits challenging prison conditions to proceed in the absence of pre-filing administrative exhaustion. *District courts have no discretion to excuse a prisoner's failure to properly exhaust the prison grievance process before filing their complaint.* It is irrelevant whether exhaustion is achieved during the federal proceeding. *Pre-filing exhaustion is mandatory, and the case must be dismissed if available administrative remedies were not exhausted.*

Gonzalez v. Seal, 702 F.3d 785, 788 (5th Cir. 2012) (emphasis added; footnote omitted).

In support of their motion, the defendants have submitted the affidavit of defendant Longino, in which he outlined the Administrative Remedy Procedure put in place by the St. Tammany Parish Sheriff's Office ("STPSO"):

3. In 1996, the STPSO adopted an Administrative Remedy Procedure ("ARP") that permits inmates to lodge grievance complaints. The procedure allows any inmate – whether they are being held by federal or state agencies after conviction or are pre-trial detainees – to request in writing a review of a complaint the inmate has about a policy, condition or incident that occurs within the jail.

4. The Jail's ARP was in place and fully functioning in between January and August of 2013, when the incidents giving rise to this lawsuit allegedly occurred.

5. A summary of the ARP is contained in the Inmate Handbook that is given to every inmate who is booked into the Jail. A true copy of that summary, as it appears in the handbook, is attached to this Affidavit.

6. A copy of the complete ARP can also be found in the Jail law library, where access is available to all inmates and was available to all inmates in between January and August of 2013.

7. The ARP, including the inmate complaint procedure, was posted in every housing unit of the jail in between January and August of 2013. Blank ARP forms were available in every housing unit and made easily accessible to all inmates.

8. An inmate can also ask any Jail deputy for a copy of the blank forms.

9. In lieu of the blank forms, inmates may submit a written communication containing the words "This is a grievance through the ARP."

10. Under the procedure, a grievance must be filed within 90 days from the date of the incident giving rise to the grievance. Any grievance filed more than 90 days after the incident is rejected as untimely.

11. The written grievance first is forwarded to the First Level Respondent, who must respond within 15 days of receipt of the grievance. This process is designated as the First Step Review.

12. If an inmate is not satisfied with the results of the First Step Review, the inmate may appeal the response to Affiant, in his role as Warden, within five days of the inmate's receipt of the First Step Review results. The Warden has 25 working days to reply to the appeal. This step is designated Second Step Review.

13. If an inmate is not satisfied with the results of the Second Step Review, the inmate may appeal that result to the Sheriff within five days of the inmate's receipt of the Warden's response. The Sheriff has 40 days to reply to this appeal, which is designated Third Step Review.

14. If an inmate does not receive a timely response to either of the first two steps of the process, the inmate nevertheless is required to follow through to the next step of the process.

15. Inmate Joseph Charles Gibbens, the plaintiff in this lawsuit, failed to even initiate the ARP regarding the alleged conditions of confinement giving rise to this lawsuit in that he never even filed an initial grievance.

16. In fact, Inmate Gibbens failed to initiate the ARP procedure at all during his confinement at the Jail.

17. As a result, Inmate Gibbens did not exhaust his administrative remedies as required by the Jail ARP concerning the claim that is the subject of this lawsuit prior to filing the lawsuit.[8]

In his opposition to the defendants' motion, the plaintiff states: "The defendants are saying that I've failed to complete the administrative procedure but in fact I filed a grievance first then after no response I went to Step 1 in the arp process and then again to Step 2 after no reply and finaly [sic] to Step 3 and still did not receive a response."[9] However, the plaintiff's opposition was not sworn or executed under penalty of perjury. Therefore, his statements therein are not competent summary judgment evidence. See, e.g., Larry v. White, 929 F.2d 206, 211 n.12 (5th Cir. 1991) ("Unsworn

---

[8] Rec. Doc. 27-3, pp. 2-3.

[9] Rec. Doc. 30.

pleadings, memoranda, or the like are not, of course, competent summary judgment evidence."). The plaintiff has offered no other evidence to rebut the defendants' evidence.

Moreover, the Court further notes that, unlike his unsworn opposition to the motion for summary judgment, the plaintiff's complaint *was* executed by him under penalty of perjury.[10] Factual allegations in a verified complaint *are* competent summary judgment evidence. Stauffer v. Gearhart, 741 F.3d 574, 581 (5th Cir. 2014) ("Allegations in a verified complaint may serve as competent summary judgment evidence."); Hart v. Hairston, 343 F.3d 762, 765 (5th Cir. 2003) ("On summary judgment, factual allegations set forth in a verified complaint may be treated the same as when they are contained in an affidavit."). The plaintiff's statements in his verified complaint directly contradict his statements in his unsworn opposition. In the complaint, the plaintiff stated that he had filed a grievance; however, he was then asked: "As to each grievance complaint provided or listed above, have you exhausted or completed all steps in the procedure, including appeals?" To that question, the plaintiff responded, "No," and he then explained, "Administration did not respond to my grievance."[11]

Based on the competent summary judgment evidence before the Court, the only dispute concerning exhaustion is whether the plaintiff filed a First Step grievance. That dispute, however, is immaterial. Even if he filed a First Step grievance, that would be insufficient to meet the PLRA's exhaustion requirement. As noted by Longino in his affidavit, an inmate who fails to receive a timely response to his First Step grievance must to proceed to Step Two of the ARP pursuant to the STPSO grievance procedure.

---

[10] Rec. Doc. 1, p. 6.

[11] Rec. Doc. 1, p. 3.

Here, there is no competent summary judgment evidence before the Court to rebut the defendants' evidence that the plaintiff failed to file a Second Step or Third Step grievance. Without such evidence, the defendants are clearly entitled to judgment as a matter of law based on the plaintiff's failure to exhaust his administrative remedies. As the United States Fifth Circuit Court of Appeals has explained: "'Exhaust' is defined as 'to take complete advantage of (legal remedies).'" Underwood v. Wilson, 151 F.3d 292, 294 (5th Cir. 1998) (quoting Webster's New Int'l Dictionary 796 (3rd ed. 1981)). As a result, administrative remedies are not exhausted unless a prisoner pursued his grievance through the *conclusion* of a multi-step administrative remedy procedure. Wright v. Hollingsworth, 260 F.3d 357, 358 (5th Cir. 2001); see also Hemphill v. Inglese, 359 Fed. App'x 537, 540 (5th Cir. 2010) ("[C]omplying with the first step of an administrative grievance procedure will not suffice to exhaust administrative remedies if the grievance procedure contemplates additional steps."). The competent summary judgment evidence in this case proves that the plaintiff did not pursue his administrative remedies to their conclusion.

This Court is aware that prisoners who submit administrative grievances at times have their efforts frustrated by unhelpful and unresponsive prison officials, although the Court expresses no opinion as to whether such a situation was present in this matter. Nevertheless, the fact remains that Congress has provided that exhaustion of such remedies is required. If the federal courts were to allow inmates to circumvent available administrative procedures by proceeding directly to federal court, the goals and benefits of the exhaustion requirement would be undermined. As the United States Supreme Court noted:

> Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case. In some instances, corrective action taken in response to

an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation. In other instances, the internal review might "filter out some frivolous claims." And for cases ultimately brought to court, adjudication could be facilitated by an administrative record that clarifies the contours of the controversy.

Porter v. Nussle, 534 U.S. 516, 524-25 (2002) (citations omitted).

Because the plaintiff failed to pursue his administrative remedies to their conclusion as required by federal law, thereby giving the defendants a fair opportunity to consider and possibly resolve his remaining claim without litigation, it is not appropriate for this Court to consider that claim. Therefore, the plaintiff's remaining claim must be dismissed.[12]

Accordingly,

**IT IS ORDERED** that the defendants' motion for summary judgment, Rec. Doc. 27, is **GRANTED** and that the plaintiff's remaining claim is **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this twenty-first day of April, 2014.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[12] A dismissal for failure to exhaust is generally without prejudice; however, the plaintiff cannot now cure his lack of exhaustion. As noted, the STPSO ARP provides that a grievance must be filed within ninety days from the date of the incident giving rise to the grievance and that any grievance filed more than ninety days after the incident is rejected as untimely. The plaintiff was transferred from the St. Tammany Parish Jail more than ninety days ago. Rec. Doc. 23. Because any new grievance filed by him would now be time-barred under the STPSO ARP, dismissal with prejudice is appropriate in this case. See Marsh v. Jones, 53 F.3d 707, 710 (5th Cir. 1995) (dismissal with prejudice warranted when administrative relief is time-barred or otherwise precluded); Myrick v. Strain, Civ. Action No. 12-2962, 2013 WL 5232422, at *6 n.14 (E.D. La. Sept. 13, 2013).